**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-02666-NYW-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CHRIS THE CRAZY TRADER, INC.,

    Defendant.

---

## ORDER ON MOTION FOR SANCTIONS

---

Pending before the Court is the Motion for Curative Sanctions Under Rule 37(b)(2)(A) for Failure to Obey a Discovery Order ("Motion" or "Motion for Sanctions"), [Doc. 38, filed November 18, 2022], filed by the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"). Defendant Chris the Crazy Trader, Inc., ("Defendant") has responded to the Motion ("Response"), [Doc. 45, filed December 14, 2022], and the EEOC has submitted a Reply, [Doc. 51, filed January 5, 2023]. The Court has reviewed the briefing on the Motion and the applicable law, and concludes that oral argument would not materially assist in the resolution of this matter. For the reasons discussed below, the Court respectfully **DENIES** the Motion and **DENIES** Defendant's request for attorneys' fees and costs associated with the Response.

## BACKGROUND

Since at least 2014, Defendant has operated a motor vehicle dealership in Golden, Colorado. [Doc. 1 at ¶ 18; Doc. 8 at ¶ 18].[1] On September 30, 2021, the EEOC filed this action

---

[1] The Court uses the convention [Doc. __] to refer to the docket entry and page number assigned by the District's Electronic Case Filing ("ECF") system, unless otherwise indicated.

against Defendant "to correct unlawful employment practices and to provide appropriate relief to . . . aggrieved individuals subjected to and harmed by Defendant's unlawful employment practices." [Doc. 1 at 1]. The Complaint alleges sex discrimination, race discrimination, discriminatory discharge, and retaliation. [*Id.* at ¶¶ 75–138]. The case is currently in discovery. This Order addresses only (1) the EEOC's request for sanctions arising out of Defendant's alleged defiance of a discovery order, and (2) Defendant's request for attorneys' fees incurred in opposing the requested sanctions.

On February 14, 2022, the EEOC served Plaintiff EEOC's First Interrogatory ("Interrogatory No. 1") on Defendant. *See* [Doc. 30-1 at 2–6]. Interrogatory No. 1 made a single demand of Defendant: "identify each individual employed by Defendant during the relevant time period." [*Id.* at 6 (emphasis omitted and capitalization altered)]. The "relevant time period" was defined as January 1, 2014, through the present, and "identify" referred to providing personal and contact information for each individual employee. [*Id.* at 5]. The EEOC explains that it served Interrogatory No. 1 "[t]o allow communication with potential additional aggrieved individuals for whom the EEOC may seek relief." [Doc. 38 at 2]. Defendant calls this a "fishing expedition." [Doc. 45 at 2].

Defendant first responded to Interrogatory No. 1 on March 30, 2022, but the spreadsheet it produced only included employees hired after 2017. [Doc. 46-1].[2] The spreadsheet also omitted the contact information called for by Interrogatory No. 1. [*Id.*]. The 2017 date comes from the Charging Party, Katrina Schmidt, who commenced her employment with Defendant as a

---

[2] Although this document, and several others which the Court references, has been filed under restriction, *see* [Doc. 54], the Court can discuss the general contents of Defendant's responses to Interrogatory No. 1 without disclosing any current or former employees' personal information, which is the basis for restriction. *See* [Doc. 52 at 2].

2

salesperson in that year. [Doc. 1 at ¶ 20; Doc. 8 at ¶ 20]. Defendant supplemented its initial response on May 12, 2022, to include all employees that worked for Defendant on or after January 1, 2017, regardless of hire date, albeit still without contact information. [Doc. 46-2 at 17–21]. Around the same time, the Honorable S. Kato Crews ordered the Parties to brief their dispute over the scope of Interrogatory No. 1, with the following caveat:

> The parties also dispute the relevant timeframe for discovery of this information, but the Court finds that further conferral between the parties is necessary and may lead to resolution of the issue without court intervention. Therefore the timeframe issue will not be briefed to the Court at this time.

[Doc. 27]. The Parties filed their Joint Discovery Dispute Report ("Report") outlining the other issues, all related to contact information, on May 13, 2022. [Doc. 30 at 2–4]; *see also* [Doc. 32]. In the Report, the Parties represented that, "[c]onsistent with the Court's . . . direction, the parties are continuing conferral related to [their] disagreement regarding timeframe." [Doc. 30 at 3 n.1].

On June 13, 2022, the Judge Crews entered a Minute Order resolving the Parties' dispute over the proper scope of Interrogatory No. 1's request for contact information ("Minute Order"). [Doc. 33]. The Order also reached the timeframe issue. Judge Crews ruled as follows:

> Defendant is ORDERED to supplement its Initial Disclosures and discovery responses, as follows: *for all persons it employed from January 1, 2014 to the present*, Defendant shall disclose the current or last known telephone number; current or last known mailing or physical address; current or last known email address; dates employed by Defendant and positions held; reason(s) for termination (if terminated); and, if known, the person's sex or gender identity, race, national origin, or ethnicity. This information shall not currently include social security numbers or dates of birth.

[*Id.* at 3 (footnote omitted and emphasis added)]. Where the Minute Order referenced 2014, Judge Crews included a footnote stating that "[t]he Court finds this time period is relevant based on the allegations in the Complaint." [*Id.* at 3 n.2]. Because the prior order to file the Report on the discovery dispute had excepted "the timeframe issue" from the briefing, [Doc. 27], Defendant now advises the Court that, notwithstanding the Minute Order's discussion of the relevant time period,

3

it "understood" the 2014 "comment" in the Minute Order "to be dicta," and further believed "that the relevant time period issue would be briefed as discovery progressed, and after the Parties conferred on the issues." [Doc. 45 at 3 (emphasis omitted)].

On July 6, 2022, Defendant made another supplemental response ("Second Supplemental Response"), which added contact information for the employees in the prior spreadsheets but still appeared to omit any individuals whose employment ended between January 1, 2014, and January 1, 2017. [Doc. 39-2]. The production only covered individuals who worked for Defendant on or after January 1, 2017. [*Id.*]. Notwithstanding Judge Crews's reference to "all persons [Defendant] employed from January 1, 2014 to the present" in the Minute Order, [Doc. 33 at 3], Defendant continued to maintain, in its accompanying objections, that "any information which predates January 1, 2017 is not relevant to any of the claims or allegations contained in the Complaint." [Doc. 38-2 at 2]. Defendant added that it would "confer with Plaintiff on this issue in the near future." [*Id.*]. However, Plaintiff states that Defendant did not seek to confer with it concerning Interrogatory No. 1. [Doc. 38 at 4]. Defendant now represents that, at the time, it "reasonably believed it had fully complied" with the Minute Order because the timeframe issue had been reserved. [Doc. 45 at 4]. The EEOC disagreed.

On August 8, 2022, the EEOC contacted Defendant via email, requesting that the Second Supplemental Response be further supplemented, consistent with Judge Crews's order, to include information on former employees who ceased working for Defendant between 2014 and 2017. [Doc. 38-4 at 2–3]. The EEOC did not hear back from Defendant in connection with its alleged noncompliance with the Minute Order, even as the Parties discussed other discovery disputes,[3] so

---

[3] In its Reply, the EEOC suggests that Defendant addressed the Interrogatory No. 1 issue on September 29, 2022, when Defendant's counsel stated in an email to the EEOC's counsel that "[w]e have reviewed your letter and disagree with most of its contents." [Doc. 51 at 3–4; Doc. 38-5 at 6]. However, that message was a response to an email by counsel for the EEOC that attached

4

the EEOC ultimately raised the matter again on October 6, 2022. [Doc. 38-5 at 5]. Defendant represents that, from that point, it "made repeated attempts to confer with EEOC in connection with this issue," explaining that it "did not understand EEOC's position" on Interrogatory No. 1. [Doc. 45 at 4].

Finally, on October 31, 2022, following a conferral call between the Parties, Defendant "learned . . . that EEOC did not deem the language concerning the discovery time period of 2014 contained in the June 13, 2022 Order to be dicta." [Doc. 45 at 4]. Defendant's counsel thanked the EEOC over email "for providing clarification" as to the agency's position and indicated that, "[s]ince [Defendant] finally ha[d] an understanding of EEOC's position," and even though Defendant disagreed with it, Defendant would "provide further information." [Doc. 38-10 at 2]. On November 4, 2022, less than a week later, Defendant produced a final spreadsheet containing information for those employees whose employment ended between 2014 and 2017 ("Third Supplemental Response"). [Doc. 39-3]. The Third Supplemental Response covered nearly 200 employees that were not included in the prior responses to Interrogatory No. 1. [*Id.*].

Plaintiff notes that it received the Third Supplemental Response "four months later" than required by Judge Crews's Minute Order. [Doc. 38 at 5]. Defendant notes that it provided the Third Supplemental Response nearly four months *before* the then-applicable discovery cutoff date of February 17, 2023.[4] Two weeks after the Third Supplemental Response came in, the EEOC

---

"responsive correspondence" on September 19, 2022. [Doc. 38-5 at 7]. The October 6 reply to Defendant's September 29 email then brought up the Interrogatory No. 1 issue "[s]eparately" from what was previously under discussion. Without evidence that the "responsive correspondence" attached to the September 19 email related to Interrogatory No. 1, the Court does not credit the Reply's description of the September 29 email.

[4] On January 19, 2023, after briefing on the Motion for Sanctions was complete, Judge Crews moved the discovery cutoff forward six months to August 17, 2023. [Doc. 58].

5

moved for "curative" sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), which concerns failing to comply with a court order. *See* [Doc. 38 at 1].

To make up for the alleged "delay and prejudice caused by Defendant's non-compliance" with the Minute Order, the EEOC seeks four kinds of nonmonetary, non-dispositive relief: (1) an order barring Defendant "from disclosing as a witness or affirmatively relying on any former employee" absent from the Second Supplemental Response; (2) a modification to the Scheduling Order [Doc. 16] that would "stagger" discovery by giving the EEOC 17 more weeks of discovery than Defendant, to make up for the 17-week delay in providing the Third Supplemental Response; (3) a modification to the Scheduling Order that would "permit the EEOC to supplement any expert reports timely served by the affirmative expert disclosure deadline to add any disclosures related to any aggrieved individuals not yet identified at the time of the initial disclosure(s)"; and (4) an order "confirming" that the 2014–present time period "is relevant and discoverable," and that Defendant cannot "withhold information from 2014–2016 based on an objection to the timeframe for any additional discovery requests." [Doc. 38 at 13–14]. Defendant opposed the Motion for Sanctions and, within its Response, requested attorneys' fees and costs for the preparation of the Response. *See* [Doc. 45 at 13–16]. Defendant does not include an affidavit attesting to the specifics of the fee demand. [*Id.*].

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for discovery procedures that seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007). Rules 37 provides for various sanctions when a party fails to comply with her discovery obligations. *See* Fed. R. Civ. P. 37; *Mize v. Kai, Inc.*, No. 17-cv-00915-NYW, 2018

WL 1035084, at *3 (D. Colo. Feb. 23, 2018) ("Rule 37 serves as the mechanism for enforcing compliance with discovery obligations."). Relevant here, "Rule 37(b)(2) provides that a court may sanction a party for failing to obey a court order to provide or permit discovery, which may include both monetary and non-monetary penalties." *Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2016 WL 1732708, at *2 (D. Colo. May 2, 2016). Applicable monetary sanctions may include reasonable fees and expenses caused by the failure, unless otherwise substantially justified or other circumstances make an award of fees and costs unjust. *See id.* Nonmonetary sanctions available under Rules 37(b) and 37(d) include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "dismissing the action or proceeding in whole or in part"; and holding the disobedient party in contempt of court, among others. *See* Fed. R. Civ. P. 37(b)(2)(A). Ultimately, the court retains broad discretion to impose an appropriate sanction for the disobedient conduct. *See Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005).

## ANALYSIS

The Court first discusses Plaintiff's Motion for Sanctions and then turns to Defendant's request for attorneys' fees.

**I.      Plaintiff's Motion for Sanctions**

Rule 37 applies where a Party "fails to obey an order" of the Court concerning discovery. Fed. R. Civ. P. 37(b)(2)(A). Because the Court has discretion in the imposition of sanctions, *see Est. of Trentadue*, 397 F.3d at 862, the Court follows the Parties' lead in assessing certain of the *Ehrenhaus* factors that control dispositive sanctions, including "(1) "the degree of actual prejudice" to the movant; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; and (4) "whether the court warned the party in advance." *Jones v.*

7

*Thompson*, 996 F.2d 261, 263 (10th Cir. 1993) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  The Court begins by considering Defendant's conduct and then addresses whether the sanctions requested by the EEOC are appropriate here.

      A.      **Defendant's Conduct**

The EEOC argues that the lengthy delay in receiving the Third Supplemental Response prejudiced it because identifying "additional aggrieved individuals is a threshold issue affecting the scope of all other discovery and litigation." [Doc. 38 at 8].  In its view, the timing of the production complicated the final stages of discovery. [*Id.* at 9].  Further, in the months it took to receive the information, memories could have faded, individuals could have moved, or former employees "may have been dissuaded" from getting involved in the litigation. [*Id.*].  The EEOC suggests that Defendant has acted in "blatant disregard for the judicial process" by withholding the information in the Third Supplemental Response in the face of the Court's adjudication of the timeframe issue and the absence of a formal objection by Defendant. [*Id.*].  Sanctions are thus warranted, according to the EEOC, because Defendant's conduct was "at least negligent," where Judge Crews's Minute Order was "unambiguous as to the timeframe and scope" and left no "room for creative or competing interpretations." [*Id.* at 11].  The EEOC also emphasizes Defendant's "inconsistent explanations for its non-compliance." [*Id.* at 13].

Defendant responds by noting that, because Judge Crews did not invite briefing on the timeframe issue, it "interpreted the June 13th Order differently than EEOC" but, once it understood the EEOC's position, it furnished the requested information. [Doc. 45 at 6, 10]. Defendant stresses that, rather than fail to respond to Interrogatory No. 1, it made multiple supplemental productions as the scope of the interrogatory was adjudicated. [*Id.* at 7].  The EEOC has suffered no prejudice under these circumstances, in Defendant's estimation. [*Id.* at 6–9].  Additionally, Defendant has

8

no culpability here because it interpreted the Minute Order as dicta "in good faith," and Defendant was never warned about the possibility of sanctions. [*Id.* at 11].[5]

At the outset, the Court agrees with the EEOC that the Minute Order unambiguously required the production of the information in the Third Supplemental Response. The notion that the unqualified language outlining the temporal scope of Interrogatory No. 1 was "dicta" is difficult to credit, notwithstanding the reservation of the timeframe briefing, so Defendant's Second Supplemental Response was noncompliant. Defendant could have challenged the timeframe determination at the time, but does not appear to have done so. However, upon review of the Parties' correspondence[6] and arguments, and upon considering the different overlapping subsets of employee information at issue in the successive productions, as well as the reservation of the timeframe issue in the briefing that led to the Minute Order, the Court credits the sincerity of Defendant's representation that it did not fully understand what the EEOC sought. *See, e.g.*, [Doc. 38-5 at 4; Doc. 38-9 at 3 ("We are still unclear as to what the Plaintiff's issue is.")]. The fact that the Parties reached an understanding that led to the production of the contested information almost immediately after a phone call was finally had to discuss the matter, [Doc. 38-10 at 2], confirms the Court's conclusion that, without more, a finding of sanctionable bad faith is

---

[5] Defendant also suggests that the Motion for Sanctions is moot. [Doc. 45 at 5, 12–15]. The argument is that the Motion was mooted either by the Third Supplemental Response or by the placement on leave of former counsel for the EEOC. [*Id.* at 12–13]. But the EEOC has not received all the relief it seeks in the Motion, *see* [Doc. 38 at 14], so the Motion is not moot. *See Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (mootness is based on whether relief will have a real-world effect).

[6] The contemporaneous correspondence submitted by the Parties bears out some degree of confusion. For example, in response to the EEOC's October 6, 2022, email, Defendant's counsel stated that they "were not aware" that the EEOC viewed the Second Supplemental Response as "lacking." [Doc. 38-5 at 4]. Following several emails back-and-forth, Defendant's counsel stated in an October 27, 2022, email that "[w]e are still unclear as to what the Plaintiff's issue is" with the Second Supplemental Response. [Doc. 38-9 at 3].

unwarranted.  *Cf. Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (citing *The Am. Heritage Dictionary of the Eng. Language* 278–79 (9th ed. 1971) (defining confer to mean "to hold a conference; compare views; consult together")).  The analogous language of Local Rule 7.1(a) that requires conferral before the filing of a motion has been interpreted to mean "holding a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and by comparing views and attempting to reach an agreement, including by compromise if appropriate."  *Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 2247860, at *1 (D. Colo. May 29, 2008) (alterations and citation omitted).

While the four-month delay in reaching that understanding is unreasonable and regrettable, the Court notes that the EEOC did not challenge the Second Supplemental Response's adequacy until a month after it was made, and further notes that the agency did not follow up on its August 8, 2022, inquiry—which appears to have been lost in the back-and-forth of the Parties' various discovery disputes—for another two months.  *See* [Doc. 38-4; Doc. 38-5 at 5].  By the EEOC's own chronology, the Third Supplemental Response was then made within days of the Parties' phone call discussing the issue.  *See* [Doc. 38 at 5].  Although Defendant violated the Minute Order in the Second Supplemental Response by omitting the employee information included in the Third Supplemental Response, the Court does not find Defendant's conduct sufficiently culpable to warrant the imposition of any sanctions that would lend the EEOC a significant strategic advantage in this litigation.

The Court also considers whether the EEOC has been prejudiced by Defendant's conduct.  *See Ehrenhaus*, 965 F.2d at 921.  Defendant appears to have provided all information the EEOC sought—or at least the EEOC assumes as much for purposes of this Motion—in the Third

10

Supplemental Response, so the only question is whether Defendant's delay in doing so prejudiced the EEOC. *See* [Doc. 38 at 9 n.7]. Concerning prejudice, the Court notes that, in January 2023, Judge Crews extended the discovery cutoff in this case through mid-August 2023, [Doc. 58], six months after the deadline in place when the Motion for Sanctions was briefed. The deadline for dispositive motions was also proportionately extended. [*Id.*]. These extensions undercut any suggestion that the EEOC suffered significant prejudice due to the delay; indeed, it directly rebuts the EEOC's assertion that "[t]ime cannot be put back on the clock." [Doc. 38 at 11].

The Court also finds it relevant to the prejudice inquiry that the Third Supplemental Response only added employees who last worked for Defendant before January 1, 2017. The EEOC's concerns related to witness memories and whereabouts are significantly diminished where the subset of employees included in the Third Supplemental Response were all employed by Defendant, at the latest, in 2016. For these reasons, the Court finds that Defendant's delay has not prejudiced the EEOC in a way that supports significant sanctions at this time. Any interference with the judicial process is minimal due to the six-month extension of the primary deadlines in the case on unrelated grounds. *See* [Doc. 55 at ¶¶ 7–9; Doc. 58].

   B.   **Propriety of Sanctions**

The EEOC requests four forms of nonmonetary sanctions that are, in its view, "proportional to Defendant's violation, [and] targeted to curing the particular prejudice caused," while ensuring a sufficient deterrent effect. [Doc. 38 at 13]. In exercising its discretion to impose sanctions under Rule 37, the Court evaluates each measure in turn.

*Witness Exclusion.* The EEOC first requests that the Court bar Defendant "from disclosing as a witness or affirmatively relying on any former employee not included in" the July 2022 Second Supplemental Response. [*Id.* at 14]. That is within the Court's authority. *See* Fed.

R. Civ. P. 37(b)(2)(A)(ii) (relief for violation of a court order may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). However, considering the nature of the violation, as discussed above, the Court does not view the requested prohibition as necessary or appropriate. Both Parties may rely on the witnesses named in the Third Supplemental Response.

***Staggered Discovery.*** Next, the EEOC requests that the Court "stagger the close of discovery" to permit an additional 17 weeks of discovery for the EEOC, but not for Defendant, to make up for the time Defendant took to deliver the Third Supplemental Response. [Doc. 38 at 14]. As discussed above, shortly after the briefing on the Motion for Sanctions was complete, Judge Crews extended the discovery cutoff by six months, through mid-August 2023. [Doc. 58]. That extension would have relieved any need for additional time to sort through the Third Supplemental Response, and the EEOC has not met its burden to show that Defendant's conduct was so egregious that the EEOC should receive four more months of discovery than Defendant. Moreover, considering the current cutoff, implementing the staggering which the EEOC requests would delay trial by several months. *See* [Doc. 38 at 14 (requesting "additional time" for discovery)]. The Court will not stagger discovery.

***Supplemental Expert Reports.*** Third, the EEOC asks the Court to let it "supplement any expert reports timely served by the affirmative expert disclosure deadline to add any disclosures related to any aggrieved individuals not yet identified at the time of the initial disclosure(s)." [*Id.*]. The Court notes that Judge Crews granted a Joint Motion to Extend Expert Disclosure Deadlines, [Doc. 36, filed November 16, 2022], on December 7, 2022. [Doc. 40]. Thus, the deadline to propound affirmative expert reports was set to December 1, 2022, with the deadline for rebuttal experts on January 31, 2023. [Doc. 36 at 1]. Neither the Motion for Sanctions, nor the Joint

Motion to Extend Expert Disclosure Deadlines filed the same week, identifies any expert reports that fall into this category. *See generally* [Doc. 36; Doc. 38]. And this Court notes that Rule 26(e) of the Federal Rules of Civil Procedure contemplates that new information that was previously unavailable to a party may form a proper basis for the supplementation of an expert report. *See Arrington v. Chavez*, No. 12-cv-00172-LTB-KLM, 2014 WL 1874842, at *1–2 (D. Colo. May 9, 2014). Thus, this Court declines to preemptively determine whether supplementation of any expert report is appropriate before specific facts are presented to it.

***Determination of Relevance.*** Finally, the EEOC seeks an order that would "confirm[] that the time period of January 1, 2014 through the present . . . is relevant and discoverable," and prevent Defendant from "withhold[ing] information from 2014–2016 based on an objection to the timeframe for any additional discovery requests." [Doc. 38 at 14]. As the EEOC recognizes, Judge Crews has already deemed this period relevant in his Minute Order on Interrogatory No. 1. [*Id.*]. In that order, Judge Crews stated his "find[ing]" that the longer timeframe "is relevant based on the allegations in the Complaint." [Doc. 33 at 3 n.2]. To the extent Judge Crews has decided that the timeframe for Interrogatory No. 1 is appropriate for the purposes of discovery, this Court need not restate it in the name of a sanction. *See Lester v. City of Lafayette*, No. 13-cv-01997-CMA-MJW, 2015 WL 13613269, at *2 (D. Colo. Feb. 25, 2015). But it is well-settled that discoverability and admissibility remain separate inquiries. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). And this Court respectfully declines to generally determine that information from 2014–2016 yields relevant information without considering the specific discovery request.

## II. Defendant's Request for Attorneys' Fees

In the Response, Defendant both opposes the Motion for Sanctions and, separately, seeks attorneys' fees and costs for preparing the Response. [Doc. 45]. Invoking the Court's "authority to grant an award of attorneys' fees where a party files frivolous pleadings to harass and increase the cost of litigation," Defendant accuses the EEOC of bad faith and oppressive conduct in moving for sanctions, and it requests "an award of attorneys' fees in connection with researching, drafting and filing" the Response. [*Id.* at 15–16]. The Court need not consider the substantive considerations underlying Defendant's request because Defendant has failed to comply with several procedural requirements respecting motion practice in this District.

Placing a request for attorneys' fees in a court document "is tantamount to filing a motion" for attorneys' fees. *See Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 284 (D. Colo. 2022). However, this District's Local Rules state that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Because Defendant did not file a separate motion for fees and costs, as Local Rule 7.1(d) requires, but rather housed its request within the Response to the Motion for Sanctions, the request is procedurally improper and need not be considered on the merits.[7] *See Payment Brokers Grp., LLC v. Agentra, LLC*, No. 20-cv-02439-MEH, 2020 WL 6290510, at *2 (D. Colo. Oct. 26, 2020).

Even if that were not the case, Defendant has also failed to include the affidavit and "detailed" information that is required in any motion for attorneys' fees. *See* D.C.COLO.LCivR 54.3(a) ("[A] motion for attorney fees shall be supported by affidavit."); D.C.COLO.LCivR

---

[7] The same is true of Defendant's "request[] that the Court permit the Parties to bring the issue of the relevant discovery time period before the Court, in a manner/format instructed by the Court." [Doc. 45 at 16].

14

54.3(b) (motion for attorneys' fees must include, for each attorney, "a summary of relevant qualifications and experience," as well as "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed").  That omission prevents Defendant from meeting its burden to recover fees.  *See Sixta v. Bass Pro Outdoor World, LLC*, No. 17-cv-01517-LTB-SKC, 2019 WL 13202231, at *1 (D. Colo. Jan. 3, 2019).  The request for attorneys' fees and costs in the Response is **DENIED**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   The Motion for Sanctions [Doc. 38] is **DENIED**; and

(2)   The request for attorneys' fees in the Response [Doc. 45] is **DENIED**.

DATED:  June 28, 2023                                                  BY THE COURT:

_____
Nina Y. Wang
United States District Judge