**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02666-NYW-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,
v.

**CHRIS THE CRAZY TRADER, INC.,** d/b/a
**CHRISTOPHER'S DODGE RAM,** f/k/a
**CHRISTOPHER'S DODGE WORLD**

    Defendant.

---

**DEFENDANT'S OPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 37(a)(5)**

---

Defendant Chris the Crazy Trader, Inc. d/b/a Christopher's Dodge Ram ("CDR") submits this Motion for Attorneys' Fees and Costs against Plaintiff Equal Employment Opportunity Commission ("EEOC") pursuant to Fed. R. Civ. P. 37(a)(5). As supported by the affidavit and invoices, CDR requests $23,637.50 in attorneys' fees and $921.77 in costs for the time spent conferring with EEOC and obtaining an order compelling certain aggrieved individuals represented by EEOC, to submit to Fed. R. Civ. P. 35 independent medical examinations ("IMEs").

**CERTIFICATE OF CONFERRAL**

Defendant conferred with the Plaintiff prior to filing this Motion and was advised the Plaintiff objects to this Motion.

**BACKGROUND**

The EEOC retained and endorsed a mental health expert who performed IMEs on EEOC clients, Ms. Schmidt and Mr. Barefield ("Schmidt" and "Barefield"). EEOC endorsed its mental

1

health expert and produced an expert report which contained specific psychological diagnoses in an effort to bolster Schmidt and Barefield's damage claims. Despite allowing its expert to conduct IMEs, the EEOC repeatedly refused to allow CDR's mental health expert to conduct an IME of Schmidt and Barefield. EEOC argued CDR did not have the right to perform rebuttal IMEs, and EEOC denied it had placed Schmidt's and Barefield's mental condition in controversy.

The EEOC took the unprecedented stance that a plaintiff could rely on IMEs at trial, but the defendant could not. The EEOC's position was so contrary to established law that it was unable to cite any case where a court permitted one party to rely on IMEs at trial, while the other party's expert was precluded from completing an IME. Despite its unsupportable position, the EEOC steadfastly refused CDR's repeated requests to schedule IMEs. EEOC also refused to cooperate with bringing the issue before this Court, thereby increasing the attorneys' fees CDR incurred to obtain its IMEs.

### *EEOC's Refusal to Participate in Magistrate Crew's Discovery Dispute Procedures on CDR's Motion to Compel Rule 35 IMEs*

Hon. Magistrate Crews' Practice Standards require the parties to meet and confer on all discovery disputes. Practice Standards, § F(1). If the parties are unable to resolve the issue, they are to jointly call Chambers and explain the dispute to the Law Clerk, who will then take appropriate action. *Id*., § F(3)(c).

Dating back to January 2023, CDR spent months attempting to obtain cooperation from EEOC to resolve this IME issue, including obtaining cooperation from EEOC to participate in calling chambers to discuss CDR's intent to file a Motion to Compel Rule 35 examinations. The parties exchanged a total of ten pages of conferral letters and participated in conferral phone calls with four attorneys in attendance. CDR also provided EEOC with detailed written information

2

concerning the time, duration, location, examiner, the examiner's qualifications, and the nature of the proposed examinations. Despite this information, the EEOC stated it would not participate in Magistrate Crews' joint discovery call unless CDR disclosed the precise tests its expert would conduct.

The EEOC's position was contrary to Rule 35 and decades of related case law. *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 624 (D. Kan. 1999) ("It would serve no purpose to require [the selected physician] to select, and disclose, the specific tests to be administered in advance of the examination."); *see also, Waller v. Lovingier*, 2016 WL 1426920 (D. Colo. 2016) (Ordering IMEs without advanced disclosure of tests); *Dillon v. Auto-Owners Insurance Company*, 2014 WL 4976315 (D. Colo. 2014) (same).

CDR was forced to file a Motion for Joint Status Conference to address the EEOC's refusal to participate in the joint discovery dispute call. (ECF Nos. 64, 68). EEOC opposed the request for a status call, unilaterally dictating that the issue was "not ripe for the Court's attention". (ECF No. 67).

The Court granted Defendant's Motion for a Joint Status Conference. In its Order, the Court admonished the EEOC, finding:

> [T]he Plaintiff's insistence on additional information in conferral—i.e., 'a description of the tests Defendant's expert would perform and additional information Defendant's expert would seek from Ms. Schmidt and Mr. Barefield that it could not obtain by reviewing the EEOC's Expert's report' --is not required by Rule 35. Either the Plaintiff opposes the Defendants' request/motion seeking a Rule 35 examination, or it does not, **but it is inappropriate to drag the dispute on without committing to a position and only by insisting upon the production of more details not contemplated by the applicable rule.**

(ECF No. 76) (emphasis added).

*EEOC'S OPPOSITION TO CDR'S MOTION TO COMPEL*

Per the Court's Order, CDR obtained a joint discovery dispute call with the Court and EEOC. The Court permitted CDR to file its Motion to Compel Rule 35 Examinations. CDR filed its Motion to Compel, detailing the significant emotional damages EEOC sought, and described the specific psychiatric diagnoses made by the EEOC's expert following his IMEs of Schmidt and Barefield. (ECF No. 93). The EEOC opposed the Motion to Compel, making the unusual argument that it "does not need to rely on [its expert's] testimony to prove its claims." (ECF 101, at 9). It also argued CDR's Motion should be denied because it wasn't long enough. *Id.* at 7. It ignored the controlling *Fox v. Gates* factors and contradicted EEOC's prior damage claims by arguing it was only seeking non-severe, "garden variety" emotional distress damages. Despite all these concessions and contradictions, EEOC did not concede the CDR Motion to Compel, or withdraw its Rule 35 expert witness. Instead, EEOC insisted the Court should deny CDR's Motion to Compel but allow EEOC to rely on its expert's IMEs and related opinions.

The Court rejected the EEOC's arguments and granted CDR's Motion to Compel the Rule 35 examinations. The Court held that:

> **The EEOC has squarely placed Barefield's and Schmidt's (collectively,** "**Aggrieved Parties") mental and emotional conditions in controversy beyond "garden variety" claims of emotional distress** for the reasons argued by Defendant including, but not limited to, Plaintiff engaged an IME physician who examined Aggrieved Parties and diagnosed them with specific and ongoing mental or emotional disorders claimed in this lawsuit; Plaintiff claims Aggrieved Parties have suffered unusually severe emotional distress; and, by relying on and engaging an IME physician to diagnose Aggrieved Parties' mental and emotional distress, the Court finds Plaintiff concedes these conditions are in controversy. *See Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998).

(ECF No. 115) (emphasis added).

> The Court proceeded to note the duplicity of the EEOC's position:
>
> Lastly, **the Court notes Plaintiff attempts to have it both ways**. Plaintiff engaged Dr. Wilson to conduct IMEs, diagnose Aggrieved Parties with mental or emotional maladies, opine on their ongoing emotional distress caused by Defendant, and issue an expert report under Rule 26(a)(2)(B), but argues in its Response (Dkt. 101) that Plaintiff "does not need to rely on Dr. Wilson's testimony to prove its claims." If the latter is the case, then Plaintiff should formally withdraw is designation of Dr. Wilson so it is clear for Defendant and the Court that Plaintiff is only claiming "garden variety" emotional distress and not relying on any diagnosed conditions or expert testimony in support of their emotional distress claims. If Dr. Wilson is withdrawn, then there will be no need for the Rule 35 examinations currently ordered. Unless that occurs, however, the Rule 35 examinations shall proceed as ordered.

*Id.,* (emphasis added).

Upon receipt of the Court's Order, the EEOC withdrew its expert endorsement of Dr. Wilson and filed a disclosure which indicated that it was now seeking only "garden variety" emotional stress damages on behalf of Schmidt and Barefield. This recent decision and conduct by EEOC demonstrates that its continued refusal to comply with Defendants request to schedule Rule 35 examinations was done for obstructionist reasons. EEOC knew, or should have known, that its refusal to cooperate with setting the IMEs was contrary to the spirit and intent of Rule 35, and related case law. EEOC's conduct caused considerable attorneys' fees for CDR.

## ARGUMENT

**I.   The Statutory Exceptions Concerning When Attorney Fees May Not Be Awarded, Do Not Apply to This Matter.**

When a court grants a motion to compel, Rule 37(a)(5) states that "the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). The only

5

situations where a court may not order payment are when: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

"The burden is on the losing party to avoid the assessment of expenses and fees by showing that one of the Rule's three enumerated exceptions applies." *DCD Partners, LLC v. Albracht*, No. 17-mc-00007-CMA-KLM, 2018 WL 6061295 at *4 (D. Colo. November 20, 2018) (citing 8B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2288 (3d ed. 2018)). None of these exceptions apply here.

First, CDR engaged in significant conferral with the EEOC before filing its Motion to Compel. The Court's Order on CDR's Motion for Status Conference found that "the parties have sufficiently conferred" notwithstanding the EEOC's "inappropriate" conduct. (ECF No. 76). Indeed, the parties exchanged over 10 pages of conferral letters and held a conferral conference call with four attorneys participating.

Second, the EEOC's refusal to permit rebuttal IMEs was not substantially justified. "A party is substantially justified in opposing discovery or disobeying an order if there is a genuine dispute, or 'if reasonable people could differ as to the appropriateness of the contested action.'" *DCD Partners, LLC v. Albracht*, 2018 WL 6061295 at *4 (quoting *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.D.C. 2015) (internal quotations omitted)). EEOC's position was not factually or legally supported and appears to have been asserted for inappropriate reasons.

The Court granted CDR's Motion to Compel in full. (ECF 115). It found that EEOC "squarely placed" Schmidt's and Barefield's mental state in controversy. *Id.* The Court adopted the

reasons argued by CDR and specifically noted that the EEOC was impermissibly attempting "to have it both ways." *Id.* The EEOC failed to cite a single case that allowed one party to use IMEs as evidence but did not allow the other party to obtain rebuttal IMEs. In EEOC's opposition brief, it argued it did not need its expert, but EEOC did not offer to withdraw its expert endorsement prior to the Court granting CDR's Motion to Compel. The EEOC quickly withdrew its expert witness and the severe emotional distress claims of Schmidt and Barefield after the Court granted CDR's Motion to Compel.

Finally, there is no "other circumstance" that would make an award of fees unjust. It took CDR nine months, numerous conferrals, and multiple motions to obtain the discovery that the EEOC refused to permit. None of the exceptions provided in Rule 37(a)(5) are applicable to this matter. Therefore, the Court should order EEOC to reimburse the Defendant for all its attorney fees and costs related to the IME issue.

**II.      Attorneys' Relevant Qualifications and Experience.**

CDR requests attorneys' fees for the time expended by attorneys Michelle R. Magruder, Nicholas F. Labor, and paralegal Nina Olson. Pursuant to D.C.COLO.L.CivR. 54.3, CDR submits the following information regarding these individuals' qualifications and experiences:

Mr. Labor is a Shareholder of Robinson Waters & O'Dorisio, P.C. Mr. Labor has eight years of litigation experience, and is licensed to practice law in the State courts of Colorado, in the United States District Court of the District of Colorado, and the Ninth and Tenth Circuit Courts of Appeals. *See,* Affidavit of N. Labor*,* attached hereto as **Exhibit 1**. Mr. Labor graduated from the University of Colorado Law School where he served as a judicial extern for Hon Richard B. Caschette (Ret.) in the 18th Judicial District.

Ms. Magruder is an Equity Shareholder of Robinson Waters & O'Dorisio, P.C. Ms. Magruder graduated from the University of Denver Sturm College of Law. Ms. Magruder has been a licensed attorney in the State of Colorado for 34 years. Ms. Magruder is also licensed to practice in the United States District Court of the District of Colorado. Preventive employment law and litigation of employment law cases is one of Ms. Magruder's main areas of practice.

Ms. Olson has a bachelor's degree and is a certified paralegal. She has worked as a paralegal for 9.5 years, primarily assisting in complex civil litigation.

### III. CDR's Request for Attorneys' Fees is Reasonable.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also U.S. Commodities Future Trading Comm'n v. R2 Capital Group LLC,* No. 14-cv-02182, 2017 WL 4350365 at *1 (D. Colo. January 27, 2017). This amount represents the "lodestar" amount, and thus consists of two determinations: whether the number of hours expended is reasonable and whether the hourly rate requested is reasonable. *See Hensley*, 461 U.S. at 433.

#### a. The Number of Hours Expended is Reasonable.

In determining the reasonableness of the number of hours expended, courts look at whether the hours pertain to tasks that would "ordinarily be billed to a client." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). This review ensures that the attorney requesting fees has exercised "billing judgment" and excluded excessive, redundant, unnecessary, or unjustified hours. *Hensley*, 461 U.S. at 434; *Malloy v. Monaham*, 73 F.3d 1012, 1018 (10th Cir. 1996).

8

CDR has incurred and requests fees for 109.5 hours expended on this discovery dispute, calculated from counsel's and the paralegal's contemporaneous time sheets. A copy of RWO's redacted and abridged Statement of Account is attached hereto as **Exhibit 2**. 109.5 hours is reasonable considering it took CDR nearly *nine months* to obtain the discovery. The 109.5 hours includes numerous e-mails, letters, phone calls, and months of effort to get the EEOC to participate in the discovery dispute protocol which was a mandatory prerequisite to filing a Motion to Compel. The time also includes the drafting and revising the Motion for Joint Status Conference which was necessitated by the EEOC's refusal to participate in the mandated phone conference with the Court and drafting and revising CDR's supporting Reply to the EEOC's Opposition. The hours include drafting and revising the Motion to Compel Rule 35 IMEs and CDR's Reply to the EEOC's Opposition. The hours also include the time spent drafting, revising, and filing this Motion for Attorneys' Fees and Costs, including its exhibits.

It should be noted that CDR was forced to file repeated Motions for Extension of Time to Submit Rebuttal Expert Reports due to EEOC's refusal to permit the IMEs or attend a joint dispute call with the Court. (ECF Nos. 63, 69, 112). CDR is not seeking reimbursement for the fees and costs that are directly related to drafting, revising, and filing each Motion for Extension of Time. However, the fees related to the Motions for Extension are directly related to EEOC's refusal to participate in discovery.

b. **The Hourly Rates charged are Reasonable.**

In determining whether the hourly rate charged is reasonable, courts look to the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The hourly rate for

attorneys with similar experience as those here is between $300 and $505. *see* Duran v. Koehler, No. 10-cv-01569-REB-KMT, 2014 WL 419578 at *3 (D. Colo. Aug. 25, 2014) (order approving $350 per hour rate for attorney with nine years of litigation experience and $300 per hour rate for attorneys with two years of litigation experience in 2016). (The abridged Motion for Attorney's Fees filed in *Duran* which details hourly rates is attached as **Exhibit 3**).

Ms. Magruder's normal hourly rate is $375.00, and Mr. Labor's normal hourly rate is $300.00. Ms. Magruder and Mr. Labor agreed to reduce their hourly rates for this litigation to $225.00 per hour. Paralegal Ms. Olson's usual hourly rate is $175.00. Ms. Olson also agreed to charge a discounted rate for this case of $100.00 per hour. The attorney hourly rate of $225.00 and the paralegal hourly rate of $100.00 is far below the typical rates of similarly experienced private practice attorneys and paralegals in the Denver-Metro area. EEOC cannot dispute that the attorney fee rates, and paralegal hourly rates charged by the Defendant's legal defense team are fair and reasonable.

**IV.   The Applicable Costs Charged are Reasonable.**

CDR seeks $921.77 in costs related to this discovery dispute. *See,* **Exhibit 2**, Statement of Account, at pg. 17 of 54 and pg. 54 of 54. These costs are for legal research charges in January and September related to the discovery dispute. This is corroborated by attorney time entries on January 19, January 23, and September 18, for legal research on the IME issue and drafting and revising this Motion for attorneys' fees. CDR could not pursue and draft the Motion to Compel or even know whether it should pursue the Motion to Compel without researching Rule 35 and applicable cases. These costs are limited, reasonable, and necessary for drafting and revising the Motion to Compel the IMEs.

10

## CONCLUSION

The record of this case is clear that the award of attorney and paralegal fees and costs to Defendant is fair and just. The EEOC's own conduct was the direct cause for the Defendant incurring the attorney and paralegal fees and costs described herein.

Because (i) CDR's Motion to Compel was granted in its entirety; (ii) CDR's counsel's and paralegal's hours expended on the IME issue and hourly rates charged are reasonable; and (iii) no exception applies to the mandate for an award of attorney's fees and costs, this Court should order payment of $24,559.27 in attorney fees and paralegal fees and costs related to CDR's discovery dispute with the EEOC.

WHEREFORE, Defendant respectfully requests the Court award its attorney fees, paralegal fees, and costs, in favor of Defendant and against Plaintiff, in the total amount of $24,559.27, including $23,637.50 for the attorney fees and paralegal fees and $921.77 in related costs, and for any further relief this Court deems just and proper.

Respectfully submitted this 24th day of October 2023.

/s/ Nicholas F. Labor
Michelle R. Magruder, No. 18902
Nicholas F. Labor, No. 48687
Robinson Waters & O'Dorisio, P.C.
1099 18th St., Ste. 2600
Denver, CO 80202
mmagruder@rwolaw.com
nlabor@rwolaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Under D.C.COLO.LCivR 5.1(d), "[t]he Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service." A true and correct copy of the foregoing was duly served to the following:

*Attorneys for Plaintiff*:
Karl R. Tetzlaff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
950 East 17th Street, Suite 300
Denver, CO 80202
Karl.Tetzlaff@eeoc.gov

Carey K. DeGenaro
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Ave., Suite 410
Denver, CO 80203
Carey.DeGenaro@eeoc.gov

Michael LaGarde
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
950 East 17th Street, Suite 300
Denver, CO 80202
Michael.Lagarde@eeoc.gov

> */s/ Nina Olson*
> Nina Olson, Paralegal